

**E-FILED**
Wednesday, 09 April, 2008  09:45:55 AM
Clerk, U.S. District Court, ILCD



## UNITED STATES DISTRICT COURT

PAMELA E. ROBINSON
CLERK OF COURT

### CENTRAL DISTRICT OF ILLINOIS

TEL: 217-373-5830
FAX: 217-373-5834

**OFFICE OF THE CLERK**
218 U.S. COURTHOUSE
201 S. VINE STREET
URBANA, ILLINOIS 61802

April 9, 2008

Clerk U.S. District Court
Attn: Yvette Pearson, Deputy Clerk
219 S. Dearborn St.
Chicago, IL  60604

RE: USA V. JON WALKER
CASE NO. CD/IL: 05-20054-003
CASE NO. ND/IL: 08-CR-265

Dear Ms. Pearson:

Pursuant to the executed Transfer of Jurisdiction filed in this office on 4/9/08, enclosed please find:

1. Indictment

2. Judgment

3. Docket sheet

I am also enclosing a copy of this letter. Please acknowledge receipt of the above documents and return the copy in the enclosed envelope.

Very truly yours,

PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT

s/  K. Marsh
By: _____
                Deputy Clerk

Enclosure(s)
PER/kjm



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

RECEIVED
2008 APR - 7   AM 11:35
US PROBATION-URBANA

312-435-5698

**April 3, 2008**

**FILED**

Central District of Illinois
127 United States Courthouse
201 South Vine Street
Urbana, IL 61801

APR - 9 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Dear Clerk:

**Re:**   **US v**   Jon Walker   Your case number 0753/5 200054-003
Our case number:   **08 CR 265   - Northern District of Illinois**

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Jon Walker, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:   Yvette Pearson

Deputy Clerk

Enclosure

## U.S. District Court
### CENTRAL DISTRICT OF ILLINOIS (Urbana)
### CRIMINAL DOCKET FOR CASE #: 2:05-cr-20054-MPM-DGB-3
#### Internal Use Only

Case title: USA v. Mathews et al

Date Filed: 11/03/2005
Date Terminated: 09/25/2006

---

Assigned to: Chief Judge Michael P. McCuskey
Referred to: Magistrate Judge David G. Bernthal

### Defendant (3)

**Jon Walker**
*TERMINATED: 09/25/2006*

represented by **Harvey C Welch**
WELCH & HICKS
401 W Elm St
Urbana, IL 61801
(217) 367-3200
Fax: 217-367-0241
Email: hcwincourt@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**John C Taylor**
FEDERAL PUBLIC DEFENDER
300 W Main St
Urbana, IL 61801
217-373--0666
Fax: 217-373-0667
Email: john_taylor@fd.org
*TERMINATED: 01/30/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

**Robert A Alvarado**
FEDERAL PUBLIC DEFENDER
Suite 1500
401 Main St
Peoria, IL 61602
309-999-7755
Fax: 309-671-7898

A TRUE COPY
ATTEST:
PAMELA E. ROBINSON, CLERK
BY: _____
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 4/9/08

Email: Robert_Alvarado@fd.org
*TERMINATED: 01/30/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Tiffani D Johnson**
FEDERAL PUBLIC DEFENDER
300 W Main St
Urbana, IL 61801
217-373-0666
Fax: 217-373-0667
Email: tiffani_johnson@fd.org
*TERMINATED: 01/04/2006*
*LEAD ATTORNEY*
*Designation: Public Defender or*
*Community Defender Appointment*

## Pending Counts

CONSPIRACY TO DEFRAUD THE
UNITED STATES. From
approximately November 2003 through
at least May 2004 defendants did
knowingly conspire to defraud Bank
One in violation of 18 USC 371.
(1)

## Disposition

It is the judgment of the Court that the
defendant is hereby committed to the
custody of the Bureau of Prisons for a
term of 18 months. Upon release from
imprisonment, the defendant shall be
placed on supervised release for a term
of 3 years with special conditions. The
defendant shall pay $33,588.82
restitution joint and several with co-
defendants and $100 special
assessment.

## Highest Offense Level (Opening)

Felony

## Terminated Counts

BANK FRAUD. Between
approximately December 2003 and
continuing to approximately May 14,
2004, defendants did knowingly
execute a scheme to defraud Bank One
by means of false and fraudulent
pretenses in violation of 18 USC 1344
(1)(2).
(2-21)

## Disposition

Upon motion by the Government,
Counts 2-21 are dismissed.

## Highest Offense Level (Terminated)

Case 1:08-cr-00265  Document 2  Filed 04/14/2008  Page 5 of 25

Felony

**Complaints**                                          **Disposition**

None

---

**Plaintiff**

**USA**                         represented by  **Hilary W Frooman**
                                              US ATTY
                                              618 South Sixth Street
                                              Springfield, IL 62701-1806
                                              217-492-4450
                                              Email: hilary.frooman@usdoj.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2005 | 1 | INDICTMENT as to Eddie Mathews (1) count(s) 1, 2-21, Martez Malone (2) count(s) 1, 2-21, Jon Walker (3) count(s) 1, 2-21. (KM, ilcd) (Entered: 11/04/2005) |
| 11/03/2005 | 2 | +++ SEALED DOCUMENT. (KM, ilcd) (Entered: 11/04/2005) |
| 12/02/2005 | | Case unsealed as to Eddie Mathews, Martez Malone, Jon Walker (KM, ilcd) (Entered: 12/05/2005) |
| 12/02/2005 | | Minute Entry for proceedings held 12/2/05 before Judge David G. Bernthal. Appearance for Government by AUSA Hilary Frooman. Appearance by defendant JON WALKER. Initial Appearance as to Jon Walker held. Defendant advised of charges and rights, including right to counsel. Defendant requests court-appointed counsel and files financial affidavit. Court finds defendant qualifies for court-appointed counsel and appoints Federal Defender's Office. AFPD A Brian Threlkeld present in court; he advises AFPD Tiffani Johnson will be lead counsel. Arraignment as to Jon Walker (3) Count 1,2-21 held. Defendant sworn; advised of charges and possible penalties. Defendant pleads not guilty to all counts of Indictment. Scheduling order to be entered. Bond Hearing as to Jon Walker held. Government agrees with pretrial report; no objections by defendant to conditions. Defendant advised by Court not to discuss case with his mother who will be a witness in the case. Defendant released on $10,000 unsecured bond with special conditions. Case ordered unsealed at Government's request.(Tape #C315; 934-2038.) (KM, ilcd) (Entered: 12/05/2005) |
| 12/02/2005 | 6 | CJA 23 Financial Affidavit by Jon Walker (KM, ilcd) (Entered: 12/05/2005) |
| 12/02/2005 | 7 | SCHEDULING ORDER as to Jon Walker (03). Pretrial Conference set for 1/18/2006 at 2:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. Jury Selection/Jury Trial set for 2/6/2006 at 9:00 AM in Courtroom A before Chief Judge Michael P. McCuskey. Entered by Judge |

|  |  | David G. Bernthal on 12/2/05. (KM, ilcd) (Entered: 12/05/2005) |
|---|---|---|
| 12/02/2005 | 8 | Unsecured Bond entered as to Jon Walker in amount of $10,000. (KM, ilcd) (Entered: 12/05/2005) |
| 12/02/2005 | 9 | ORDER Setting Conditions of Release as to Jon Walker entered by Judge David G. Bernthal on 12/2/05. (KM, ilcd) Modified on 12/16/2005 (KM, ilcd). (Entered: 12/05/2005) |
| 12/09/2005 | 13 | Summons Returned Executed on 11/29/05 as to Jon Walker (VB, ilcd) (Entered: 12/09/2005) |
| 12/30/2005 | 21 | First MOTION to Continue *Pretrial Conference and Trial Dates*, First MOTION for Extension of Time to File *12.1 Motions* by Jon Walker. (Johnson, Tiffani) (Entered: 12/30/2005) |
| 01/04/2006 | 23 | NOTICE *OF REASSIGNMENT OF COUNSEL* by Jon Walker (Johnson, Tiffani) (Entered: 01/04/2006) |
| 01/12/2006 |  | NOTICE OF HEARING: A hearing on the Motions to Extend Rule 12.1 Filing Deadline and Continue Pretrial and Trial Dates 21 and 22 as to defendants Jon Walker and Martez Malone is set for 1/18/2006 at 2:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. If counsel for either defendant Malone or Walker wishes to appear by telephone for this hearing, please notify the Court prior to January 18, 2006. This case remains set for final pretrial conference as to defendant Eddie Mathews on 1/18/2006 at 2:30 PM. Defendants Mathews, Malone and Walker should appear in person at this hearing. (MB, ilcd) (Entered: 01/12/2006) |
| 01/18/2006 |  | Minute Entry for proceedings held 1/18/06 before Judge Michael P. McCuskey. Appearance for Government by AUSA Hilary Frooman. Defendant Jon Walker present in person and with counsel AFPD Robert Alvarado. Defendant's Motion to Continue 21 is granted. Jury trial set for 2/06/06 is vacated as to defendant Walker. Status Conference set for 1/30/2006 at 10:30 AM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds by granting the continuance, the ends of justice are met pursuant to 18 USC 3161(h)(8)(A). The time from 12/30/05 to 1/30/06 is excluded as to defendant Walker. Defendant's bond to remain in effect. AFPD Alvarado advises that effective 1/23/06 John Taylor will be lead counsel for defendant Walker.(Court Reporter LC.) (KM, ilcd) (Entered: 01/19/2006) |
| 01/27/2006 | 24 | MOTION to Withdraw as Attorney by John Taylor. by Jon Walker. (Taylor, John) (Entered: 01/27/2006) |
| 01/30/2006 |  | Minute Entry for proceedings held 1/30/06 before Judge Michael P. McCuskey. Appearance for Government by AUSA Hilary Frooman. Defendant JON WALKER present with counsel John Taylor. No objections to defendant Walker's Motion to Withdraw as Attorney 24 ; motion granted. AFPD John Taylor withdrawn from case as to Jon Walker (3); Court to appoint a panel attorney to represent defendant Walker. Status Conference as to Jon Walker set for 2/10/2006 at 3:00 PM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice are met |

| | | |
|---|---|---|
| | | pursuant to 18 USC 3161(h)(8)(A). The time from 1/27/06 to 2/10/06 is excluded. Defendant's bond to remain in effect. (Court Reporter LC.) (KM, ilcd) (Entered: 01/30/2006) |
| 01/31/2006 | | TEXT ORDER as to Jon Walker (3) entered by Chief Judge Michael P. McCuskey on 1/31/06. Due to AFPD John Taylor withdrawing from this case, the Court appoints CJA counsel Harvey Welch to represent Jon Walker. Mr. Welch will be present for the Status Conference as to Jon Walker set for 2/10/2006 at 3:00 PM in Courtroom A before Chief Judge Michael P. McCuskey. (KM, ilcd) (Entered: 01/31/2006) |
| 02/10/2006 | | Minute Entry for proceedings held 2/10/06 before Judge Michael P. McCuskey. Appearance by Government by AUSA David Hoff for AUSA Hilary Frooman. Defendant JON WALKER present in person and with counsel Harvey Welch. Status Conference as to Jon Walker held. Attorney Welch enters his appearance on behalf of defendant. Defendant requests extension of time to review discovery; no objection by Government. Further status set for 3/8/2006 at 2:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice are met pursuant to 18 USC 3161(h)(8)(A). The time from 2/10/06 to 3/8/06 is excluded. Defendant Jon Walker's bond to remain in effect. (Court Reporter LC.) (KM, ilcd) (Entered: 02/10/2006) |
| 03/08/2006 | | Minute Entry for proceedings held 3/8/06 before Judge Michael P. McCuskey. Appearance for Government by AUSA Colin Bruce on behalf of AUSA Hilary Frooman. Defendant JON WALKER present in person and with counsel Harvey Welch. Status Conference as to Jon Walker held. Status Conference set for 3/15/2006 at 12:00 PM in Courtroom A before Chief Judge Michael P. McCuskey. Defendant allowed to appear by telephone. Court requests Attorney Welch, AUSA Frooman and AUSA Bruce be present. Attorney Welch will review discovery to confirm no conflict exists in his representing defendant Walker. The Court finds the ends of justice are met pursuant to 18 USC 3161(h)(8)(A). The time from 3/8/06 to 3/15/06 is excluded. Defendant's bond to remain in effect.(Court Reporter LC.) (KM, ilcd) (Entered: 03/08/2006) |
| 03/15/2006 | | Minute Entry for proceedings held on 3/15/2006 before Chief Judge Michael P. McCuskey : Appearance by AUSA Hilary Frooman and AUSA Colin Bruce for Government. Defendant JON WALKER appeared by telephone with counsel, Atty Harvey Welch present in court. Status Conference as to Jon Walker held. Atty Welch does not find there is a conflict. Defendant Walker requests that Mr. Welch continue to represent him. Matter set for Status Conference by personal appearance on 4/21/2006 at 2:00 PM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice are met pursuant to Title 18 U.S.C. 3161(h)(8)(A). Time is excluded from 3/15/2006 to 4/21/2006. Bond to remain in effect.(Court Reporter LC) (SP, ilcd) (Entered: 03/15/2006) |
| 04/21/2006 | | Minute Entry for proceedings held 4/21/06 before Judge Michael P. McCuskey. Appearance for Government by AUSA Colin Bruce for AUSA Hilary Frooman. Defendant JON WALKER present in person and with counsel Harvey Welch. Status Conference as to Jon Walker held. Oral |

| | | |
|---|---|---|
| | | motion by defendant for continuance; no objection by Government. Motion granted. Status Conference set for 5/25/2006 at 1:00 PM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds by granting the continuance, the ends of justice are met pursuant to 18 USC 3161(h)(8)(A). The time from 4/21/06 to 5/25/06 is excluded. Bond remains in effect. (Court Reporter SR/Randolph Reporting.) (KM, ilcd) (Entered: 04/21/2006) |
| 05/25/2006 | | Minute Entry for proceedings held 5/25/06 before Judge Michael P. McCuskey. Appearance for Government by AUSA Hilary Frooman. Defendant JON WALKER present in person and with counsel Harvey Welch. Change of Plea Hearing as to Jon Walker held. Defendant advised of rights, charges and possible penalties. Plea entered by Jon Walker (3) of guilty to Count 1. Written plea agreement filed. Court accepts plea and finds the defendant guilty as to Count 1. Counts 2-21 will be dismissed at sentencing. Sentencing set for 9/22/2006 at 1:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. Cause referred to US Probation for a presentence investigation report. Defendant's bond to remain in effect. (Court Reporter LC.) (KM, ilcd) (Entered: 05/25/2006) |
| 05/25/2006 | 33 | PLEA AGREEMENT as to Jon Walker. (KM, ilcd) (Entered: 05/25/2006) |
| 05/26/2006 | 34 | ORDER on Implementation of Sentencing Guidelines as to Jon Walker entered by Judge Michael P. McCuskey on 5/26/06. (KM, ilcd) (Entered: 05/26/2006) |
| 09/15/2006 | 35 | COMMENTARIES ON SENTENCING FACTORS by USA as to Eddie Mathews, Martez Malone, Jon Walker. (Frooman, Hilary) (Entered: 09/15/2006) |
| 09/15/2006 | 36 | MOTION to Seal *Grand Jury Statements in Support of Government Commentary* by USA as to Eddie Mathews, Martez Malone, Jon Walker. (Frooman, Hilary) (Entered: 09/15/2006) |
| 09/15/2006 | | TEXT ORDER entered by Chief Judge Michael P. McCuskey on 9/15/06 GRANTING 36 Motion to Seal Grand Jury Statements in Support of Government Commentary. (MB, ilcd) (Entered: 09/15/2006) |
| 09/15/2006 | 37 | +++ **SEALED DOCUMENT.** Government's Grand Jury Statements in Support of Government Commentary filed under seal per text order dated 9/15/06. (KM, ilcd) Modified on 9/19/2006: Document ordered UNSEALED at sentencing hearing held 9/18/06 (KM, ilcd). (Entered: 09/15/2006) |
| 09/19/2006 | 43 | COMMENTARIES ON SENTENCING FACTORS by USA as to Jon Walker. (Frooman, Hilary) (Entered: 09/19/2006) |
| 09/22/2006 | | Minute Entry for proceedings held 9/22/06 before Chief Judge Michael P. McCuskey. Appearance for Government by AUSA David Hoff on behalf of Hilary Frooman. Appearance by defendant JON WALKER (3) in person and with counsel Harvey Welch. Sentencing held for Jon Walker (3). Parties acknowledge receipt of presentence report; no objections noted. Recommendations by counsel heard. Statement in allocution by defendant. As to Count 1, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons for a term of 18 months. |

| | | |
|---|---|---|
| | | Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years with special conditions. The defendant shall pay $33,588.82 restitution joint and several with co-defendants and $100 special assessment. Upon motion by the Government, Counts 2-21 are dismissed. Appeal rights previously waived. Defendant is ordered detained and is remanded to custody of US Marshal. (Court Reporter LC.) (KM, ilcd) (Entered: 09/22/2006) |
| 09/22/2006 | 48 | +++ **PRESENTENCE INVESTIGATION REPORT** as to Jon Walker (KM, ilcd) (SKD, ilcd). (Entered: 09/22/2006) |
| 09/22/2006 | 49 | +++ **SENTENCING RECOMMENDATION** as to Jon Walker. (KM, ilcd) (SKD, ilcd). (Entered: 09/22/2006) |
| 09/25/2006 | 50 | JUDGMENT as to Jon Walker (3), Count 1, entered by Chief Judge Michael P. McCuskey on 9/25/06. (KM, ilcd) Modified on 9/25/2006 to correct clerical error (KM, ilcd). (Entered: 09/25/2006) |
| 09/25/2006 | 51 | +++ **STATEMENT OF REASONS FOR IMPOSING SENTENCE** as to Jon Walker (KM, ilcd) (Entered: 09/25/2006) |
| 12/13/2006 | 54 | Judgment Returned Executed as to Jon Walker on 11/7/06 at FCI Elkton, OH. (KM, ilcd) (Entered: 12/13/2006) |
| 04/09/2008 | 60 | Jurisdiction Transferred to Northern District of Illinois (08CR265) as to Jon Walker. (KM, ilcd) (Entered: 04/09/2008) |
| 04/09/2008 | 61 | Letter from Clerk Northern District of IL re transfer. (KM, ilcd) (Entered: 04/09/2008) |
| 04/09/2008 | 62 | Letter to Clerk ND/IL enclosing certified copies of indictment, judgment and docket sheet. (KM, ilcd) (Entered: 04/09/2008) |

**SEALED**

E-FILED
Friday, 04 November, 2005 02:27:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

A TRUE COPY
ATTEST·
PAMELA E. ROBINSON, CLERK
BY: _KMarsh_

DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: _4/9/08_

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
vs.                          )    Case No. CR 05-200 **54**
                             )
EDDIE MATHEWS, a/k/a "SKO",  )    VIOLATION:
MARTEZ MALONE, a/k/a "TEZ"   )
AND JON WALKER,              )    Title 18, United States Code,
                             )    Section 371, 1344(1)(2)
          Defendants.        )

**INDICTMENT**

**COUNT 1**
**(CONSPIRACY)**

**FILED**

NOV - 3 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THE GRAND JURY CHARGES:

At all times relevant herein,

1. Bank One, N.A. was a national bank with branches in Champaign County,

Illinois, in the Central District of Illinois, and elsewhere; it was insured by the Federal

Deposit Insurance Corporation.

2. Bank One, Champaign, Illinois , ("Bank One") provided debit cards to all

customers, and had many customers who were students at the University of Illinois,

Urbana-Champaign, Illinois, ("U of I") and at Parkland College, Champaign, Illinois,

("Parkland College"). Bank One debit cards were effective at any ATM machine owned

by any financial institution. Customers could make ATM deposits, withdrawals, obtain

cash and make an account inquiry to determine account balance and amount of funds

available for use. Debit cards might also be used for purchases. If merchant policy

allowed, a store customer could obtain cash back with a debit card purchase.

3. A financial institution has the authority to hold a deposited check and to credit an account only after the deposited check clears. With deposits made at Bank One ATM's by Bank One customers, Bank One provided immediate credit to the Bank One account of deposit. Thus, account deposits could be made and credited after banking hours at Bank One ATM's and a customer could gain access to the funds outside banking hours.

4. To access an account by means of the ATM machine, Bank One customers had both an ATM card and a four-digit PIN number unique to that ATM card. A camera at each ATM location recorded ATM transactions, often capturing the depositor on film.

## CONSPIRACY TO DEFRAUD BANK ONE

5. From approximately November, 2003 through at least May, 2004,

**EDDIE MATHEWS, a/k/a SKO,**
**MARTEZ MALONE, a/k/a TEZ, and**
**JON WALKER,**

defendants named herein, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree together and with persons both known and unknown to the grand jury, to execute a scheme or artifice to defraud Bank One, in the Central District of Illinois and elsewhere, and to obtain Bank One money and funds in the approximate amount of $60,000, by means of false and fraudulent pretenses, representations and promises.

2

MANNER AND MEANS

6. The defendants, and others at the defendants' direction, obtained Bank One

ATM debit cards and PIN numbers from Bank One customers in Champaign, Illinois

and Urbana, Illinois and elsewhere in Illinois; they assured bank customers that anyone

who cooperated would obtain a "fee" for providing the ATM debit card and debit card

PIN to the defendants.

7. Using the Bank One ATM debit cards in both Champaign, Illinois and Urbana,

Illinois, and elsewhere in the State of Illinois, the defendants made insufficient fund

check deposits or caused insufficient fund checks to be deposited to Bank One accounts.

Such deposits caused the accounts to which the deposits were directed, to falsely reflect

an inflated balance, which balance was temporarily available to anyone with the ATM

account debit card and PIN number, until and unless the financial institution

recognized that the fund balance had been fraudulently inflated.

8. After making or causing deposit of insufficient fund checks, and using the

ATM debit cards and PIN numbers acquired from account owners, the defendants

obtained access to funds so deposited or caused others to gain access to funds so

deposited. The defendants or others assisting the defendants:

A. Used fraudulently inflated account balances to make or cause

purchases to be made, and the funds for such purchases debited from Bank One

accounts;

3

B.  Used fraudulently inflated account balances to make purchases and receive cash back at the time of purchase;

C.  Withdrew funds from accounts with fraudulently inflated account balances.

D.  Initiated account inquires to determine that insufficient fund checks had been credited to the accounts to which they had been directed, or to check account balances.

OVERT ACTS

9.  On or about the dates set forth below, in execution of the conspiracy set forth and to effect its ends, one or more of the following overt acts occurred:

| | Date:on or about | Time | Location | Acct. Owner | Activity |
|---|---|---|---|---|---|
| A. | 04/06/04 | 13:07 | 405 N. Broadway Urbana, IL | 645326026 A.S. | $2,800 Deposit |
| B. | 04/07/04 | 0:49 | 405 N. Broadway Urbana, IL | 645326026 A.S. | $200 ATM W/D |
| C. | 04/07/04 | 8:36 | 405 N. Broadway Urbana, IL | 645326026 A.S. | $200 ATM W/D |
| D. | 04/07/04 | 13:47 | 6650 S. Stony Island Ave. Chicago, IL | 649059375 J G. | $3330 Deposit |
| E. | 04/07/04 | 13:32 | 1204 E. 53rd St. Chicago, IL | 652160656 T.H. | $3,250 Deposit |
| F. | 04/08/04 | 16:06 | 18601 Torrence Ave. Lansing, IL | 652160656 T.H. | $2,800 Deposit |

4

| G. | 04/09/04 | 08:37 | Walgreen's, Champaign, IL | 652160656 T.H. | $128.05 Purchase Cash Back |
| H. | 04/09/04 | 08:40 | 407 E. Green St. Champaign, IL | 652160656 T.H. | Account Inquiry |
| I. | 04/09/04 | 08:57 | Walgreen's, Champaign, IL | 652160656 T.H. | $121.49 Purchase Cash Back |
| J. | 04/09/04 | 09:28 | Walgreen's, Champaign, IL | 652160656 T.H. | $110.75 Purchase Cash Back |
| K. | 04/09/04 | 09:28 | Walgreen's Champaign, IL | 649059375 J.G. | $110.46 Purchase Cash Back |
| L. | 04/09/04 | 09:54 | Walgreen's Urbana, IL | 652160656 T.H. | $109.58 Purchase Cash Back |
| M. | 04/09/04 | 09:56 | Walgreens Urbana, IL | 649059375 J.G. | $112.88 Purchase Cash Back |
| N. | 04/09/04 | 10:28 | Walgreen's Urbana, IL | 652160656 T.H. | $117.94 Purchase Cash Back |
| O. | 04/09/04 | 10:32 | Walgreen's Urbana, IL | 652160656 T.H. | $110.74 Purchase Cash Back |
| P. | 04/09/04 | 10:36 | Walgreen's Urbana, IL | 649059375 J.G. | $116.11 Purchase Cash Back |
| Q. | 04/09/04 | 13:34 | County Market Urbana, IL | 649059375 J.G. | $54.18 Purchase Cash Back |
| R. | 04/09/04 | 15:27 | Target Champaign, IL | 649059375 J.G. | $45.04 Purchase Cash Back |
| S. | 04/09/04 | 16:55 | Exxonmobile Urbana, IL | 649059375 J.G. | $53.69 Purchase Cash Back |

| | | | | |
|---|---|---|---|---|
| T. | 04/09/04 16:57 | Walgreen's, Champaign, IL | 652160656 T.H. | $103.21 Purchase Cash Back |
| U. | 04/09/04 17:02 | Walgreen's Champaign, IL | 652160656 T.H. | $108.43 Purchase Cash Back |
| V. | 04/09/04 17:21 | Exxonmobile Urbana, IL | 649059375 J.G. | $52.31 Purchase Cash Back |
| W. | 04/23/04 0:33 | 201 W. University Champaign, IL | 654536598 K.B. | $400 Attempted W/D |
| X. | 04/23/04 13:19 | 6650 S. Stony Island Chicago, IL | 654536598 K.B. | $3100 Deposit |
| Y. | 04/23/04 12:55 | 1910 E. 95th St. Chicago, IL | 645811571 P.J.J. | $3,600 Deposit |
| Z. | 04/23/04 13:14 | 6650 S. Stony Island Chicago, IL | 1110029346791 M.J. | $4,200 Deposit |
| AA. | 04/24/04 0:20 | 405 N. Broadway Urbana, IL | 645811571 P.J.J. | $400 NSF Attempt W/D |
| BB. | 04/24/04 0:21 | 405 N. Broadway Urbana, IL | 645811571 P.J.J. | Account Inquiry |
| CC. | 04/24/04 0:24 | 405 N. Broadway Urbana, IL | 1110029346791 M.J. | $500 ATM W/D |
| DD. | 04/26/04 02:40 | 1910 E. 95th Street Chicago, IL | 1110029346791 M.J. | $3600 Deposit |

In violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 16
### (BANK FRAUD)

THE GRAND JURY FURTHER CHARGES:

    1. Paragraphs 1 through 4 of Count 1 are incorporated by reference herein.

    5. Between approximately December, 2003 and continuing to approximately

May 14, 2004,

EDDIE MATHEWS, a/k/a SKO,
MARTEZ MALONE, a/k/a TEZ, and
JON WALKER,

defendants herein, knowingly executed a scheme to defraud and to obtain money and

funds amounting to approximately $60,000 from Bank One, by means of false and

fraudulent pretenses, representations, and promises. The scheme was as follows: in

order to falsely and fraudulently inflate Bank One customer accounts to which the

defendants had gained access with Bank One ATM cards and pin numbers not their

own, the defendants deposited or caused insufficient fund checks to be deposited to

those same Bank One customer accounts; to determine that the insufficient fund checks

amounts had been credited to the accounts to which directed, the defendants also made

or caused account balance inquiries to be made. The scheme included, but was not

limited to deposit of the following insufficient fund checks and to the following account

balance inquiries:

A. 04/06/04 13:07      405 N. Broadway      645326026   $2800 Deposit
                            Urbana, IL            A.S.

7

| | | | | |
|---|---|---|---|---|
| B. 04/07/04 | 13:47 | 6650 S. Stony Island Ave.<br>Chicago, IL | 649059375<br>J G. | $3330 Deposit |
| C. 04/09/04 | 08:40 | 407 E. Green St.<br>Champaign, IL | 652160656<br>T.H. | Account Inquiry |
| D. 04/23/04 | 13:19 | 6650 S. Stony Island<br>Chicago, IL | 654536598<br>K.B. | $3100 Deposit |
| E. 04/24/04 | 0:21 | 405 N. Broadway<br>Urbana, IL | 645811571<br>P.J.J. | Account Inquiry |
| F. 04/26/04 | 13:40 | 1910 E. 95th Street<br>Chicago, IL | 1110029346791<br>M.J. | $3600 Deposit |

## EXECUTIONS,
## COUNTS 2 THROUGH 16

6. To execute the scheme set forth above and before Bank One or any of the legitimate account holders became aware of insufficient fund deposits, the defendants gained access or caused access to be gained to both legitimate account funds over which Bank One customers had legitimate authority and to funds which the defendants had caused to fraudulently appear to have been deposited. The executions, each of which was a separate and independent act:

| Count | Date : on<br>or about | Location | Account/Owner | Execution |
|---|---|---|---|---|
| 2. 04/07/04 | 0:49 | 405 N. Broadway<br>Urbana | 645326026<br>A.S. | $200 ATM W/D |
| 3. 04/07/04 | 8:36 | 405 N. Broadway<br>Urbana, IL | 645326026<br>A.S. | $200 ATM<br>Withdrawal |
| 4. 04/09/04 | 8:37 | Walgreen's<br>Champaign, IL | 652160656<br>T.H. | $128.05 Purchase<br>Cash Back |

8

| | | | | | |
|---|---|---|---|---|---|
| 5. | 04/09/04 | 8:57 | Walgreen's Champaign, IL | 652160656 T.H. | $121.49 Purchase Cash Back |
| 6. | 04/09/04 | 9:28 | Walgreen's, Champaign, IL | 649059375 J.G. | $110.46 Purchase Cash Back |
| 7. | 04/09/04 | 9:28 | Walgreen's Champaign, IL | 652160656 T.H. | $110.75 Purchase Cash Back |
| 8. | 04/09/04 | 9:54 | Walgreen's Urbana, IL | 652160656 T.H. | $109.58 Purchase Cash Back |
| 9. | 04/09/04 | 9:56 | Walgreen's Urbana, IL | 649059375 J.G. | $112.88 Purchase Cash Back |
| 10. | 04/09/04 | 10:28 | Walgreen's Urbana, IL | 652160656 T.H. | $117.94 Purchase Cash Back |
| 11. | 04/09/04 | 10:32 | Walgreen's Urbana | 652160656 T.H. | $110.74 Purchase Cash Back |
| 12. | 04/09/04 | 10:36 | Walgreens Urbana, IL | 649059375 J.G. | $116.11 Cash Back |
| 13. | 04/09/04 | 13:34 | County Market, Urbana, IL | 649059375 J.G. | $54.18 Card Purchase cash back |
| 14. | 04/09/04 | 15:57 | Target Champaign, IL | 649059375 J.G. | $45.04 Purchase Cash Back |
| 15. | 04/09/04 | 16:55 | Exxonmobile Urbana, IL | 649059375 J.G. | $53.69 Cash Back |
| 16. | 04/09/04 | 16:57 | Walgreen's Champaign | 652160656 T.H. | $103.21 Purchase Cash Back |
| 17. | 04/09/04 | 17:02 | Walgreen's Champaign | 652160656 T.H. | $108.43 Purchase Cash Back |
| 18. | 04/09/04 | 17:21 | Exxonmobile Urbana, IL | 649059375 J.G. | $52.31 Purchase Cash Back |

| 19. 04/23/04 | 0:33 | 201 W. University Champaign, IL | 654536598 K.B. | $400 NSF Attempt Withdrawal |
| 20. 04/24/04 | 0:20 | 405 N. Broadway Urbana | 645811571 P.J.J. | $400 NSF Attempt Withdrawal |
| 21. 04/24.04 | 0:24 | 405 N. Broadway Urbana | 1110029346791 P.J.J. | $500 ATM W/D |

In violation of Title 18, United States Code, Section 1344(1)(2).

A TRUE BILL

Foreperson

/S/  FOREPERSON


Patrick J. Chesley for

/S/  JAN PAUL MILLER
United States Attorney

HWF

10

2:05-cr-20054-MPM-DGB    # 50    Page 1 of 6

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

**E-FILED**

Monday, 25 September, 2006 11:06:50 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

_____Central_____    District of    _____Illinois_____

UNITED STATES OF AMERICA
**V.**

**JON WALKER**

### JUDGMENT IN A CRIMINAL CASE

Case Number: 05-20054-003

USM Number:  14350-026

Harvey C. Welch
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Defraud Bank One | 5/31/2004 | 1 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    2-21    ☐ is    ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/22/2006
Date of Imposition of Judgment

s/ Michael P. McCuskey
Signature of Judge

**MICHAEL P. McCUSKEY**    Chief U.S. District Judge
Name and Title of Judge

9/25/2006
Date

A TRUE COPY
ATTEST·
PAMELA E. ROBINSON, CLERK
BY: _____
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 4/9/08

2:05-cr-20054-MPM-DGB    # 50    Page 2 of 6

AO 245B    (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT: JON WALKER
CASE NUMBER: 05-20054-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

18 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

Due to extensive family ties, the Court recommends to the Bureau of Prisons that the defendant be housed in the Midwest for visitation. The Court finds the defendant is an addict and, therefore, recommends to the Bureau of Prisons that the defendant receive whatever drug treatment is available, including the 40-hour program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at  _____ ☐ a.m. ☐ p.m.   on  _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before   p.m. on  _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

2:05-cr-20054-MPM-DGB    # 50        Page 3 of 6

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

---

| | Judgment—Page 3 of 6 |

**DEFENDANT:** JON WALKER
**CASE NUMBER:** 05-20054-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

   three (3) years.


   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
       future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
       student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

   1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

   2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
         each month;

   3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

   4)   the defendant shall support his or her dependents and meet other family responsibilities;

   5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
         acceptable reasons;

   6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

   7)   the defendant shall refrain from ☐ excessive ☒ any use of alcohol and shall not purchase, possess, use, distribute, or administer
         any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

   8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

   9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
         felony, unless granted permission to do so by the probation officer;

   10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
           contraband observed in plain view of the probation officer;

   11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

   12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
           permission of the court; and

   13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
           record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
           defendant's compliance with such notification requirement.

2:05-cr-20054-MPM-DGB   # 50   Page 4 of 6
AO 245B   (Rev. 12/03) Judgment in a Criminal Case
    Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:  JON WALKER
CASE NUMBER:  05-20054-003

## SPECIAL CONDITIONS OF SUPERVISION

1.  You shall not incur any new debts or open any additional lines of credit in excess of $300 without prior approval of the probation officer.

2.  You shall provide the probation officer access to any requested financial information including both your business and personal income tax returns.

3.  You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment, including testing to determine whether you have used controlled substances and/or alcohol.  You shall pay for these services as directed by the probation officer.

4.  You shall participate in a program of job training or employment counseling as directed by the probation officer.

5.  You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

2:05-cr-20054-MPM-DGB    # 50    Page 5 of 6

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT: JON WALKER
CASE NUMBER: 05-20054-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 33,588.82 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank One (now JP Morgan Chase Bank)<br>OHI-0612<br>1111 Polaris Parkway<br>Columbus, OH 43240 | $33,588.82 | $33,588.82 | |

Note: The defendant shall be placed in the U.S. Treasury Offset program so that any tax refunds intercepted will be applied to the special assessment and restitution imposed.

| TOTALS | $ 33,588.82 | $ 33,588.82 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

2:05-cr-20054-MPM-DGB    # 50    Page 6 of 6

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT: JON WALKER
CASE NUMBER: 05-20054-003

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    ☐    Lump sum payment of $ _____ due immediately, balance due

      ☐    not later than _____ , or
      ☐    in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with ☐C, ☐D, or ☐F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☑    Special instructions regarding the payment of criminal monetary penalties:

      It is recommended that the defendant participate in the Inmate Financial Responsibility Program. During incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25, if working non-UNICOR, or a minimum of 50 percent of monthly earnings if working UNICOR. Upon release from imprisonment, the defendant shall make monthly payments at a rate of at least 50 percent of his disposable income per month during the entire term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

      Restitution shall be paid jointly and severally with codefendants Eddie Mathews, case number 05-20054-001 and Martez Malone, case number 05-20054-002.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.